DECISION AND JUDGMENT ENTRY
{¶ 1} April Justice, mother of J.S.J., appeals the judgment of the Ross County Court of Common Pleas, Juvenile Division, which (1) changed custody from mother to George Baker, father of J.S.J. and (2) suspended mother's visitation. Earlier, the court had adjudicated J.S.J. a dependent child. On appeal, Mother contends that the trial court erred when it considered hearsay and testimonial evidence because it violated her rights to due process and the confrontation of witnesses. Because Mother did not state these reasons in the trial court as her basis for objecting to the magistrate's findings of fact and conclusions of law, and because the rules of evidence and the constitutional right *Page 2 
to confront witnesses do not apply to a dependency dispositional hearing, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court found J.S.J. (born on October 6, 1998) dependent. At the dispositional hearing, the court awarded custody to the mother.
 {¶ 3} Later, Father filed a motion for custody. The State filed a motion to suspend Mother's visitation with the child. The mother also filed a motion involving the custody of the child.
 {¶ 4} At the hearing, the magistrate considered statements that J.S.J. wrote in his journal about his mother. Rebecca Guhl, J.S.J.'s counselor, testified that in her opinion Mother should not visit or have custody of J.S.J. because it would have a negative impact on J.S.J.'s development and psychological well-being. She based this opinion in part on the statements in J.S.J.'s journal.
 {¶ 5} The magistrate's decision granted both Father's and the State's motions and denied Mother's motion. Mother asked for findings of fact and conclusions of law. After the magistrate filed the same, Mother filed objections. She claimed that two of the findings of fact were against the manifest weight of the evidence. She further generally disagreed with the conclusions of law. The trial court overruled Mother's objections and followed the decision of the magistrate.
 {¶ 6} Mother appeals and asserts the following assignment of error: "THE APPELLANT WAS DENIED DUE PROCESS AND THE RIGHT OF *Page 3 
CONFRONTATION BY THE ADMISSION OF HEARSAY AND TESTIMONIAL EVIDENCE CONCERNING CENTRAL ISSUES IN THE CASE."
 II. {¶ 7} Mother contends in her sole assignment of error that the admission of hearsay and testimonial evidence violated her right to due process and her constitutional right to confront witnesses.
 {¶ 8} We first address whether mother preserved the right to raise these issues on appeal.
 {¶ 9} A party may file written objections to a magistrate's decision within fourteen days of its filing. Juv. R. 40(E)(3). The objections must be specific and state with particularity the grounds of each objection. Id.
 {¶ 10} Here, mother objected to the magistrate's decision within the required fourteen days. After the magistrate filed her findings of fact and conclusions of law, Mother claimed that two of the magistrate's findings of fact were against the manifest weight of the evidence and generally objected to the magistrate's conclusions of law.
 {¶ 11} However, we find that these objections are not germane to the issues she now raises on appeal. A party on appeal shall not assign as error the trial court's adoption of a finding of fact and conclusion of law unless that party timely and specifically objects to that finding or conclusion. Id.
 {¶ 12} Here, mother did not base any of her objections to the magistrate's findings of fact and conclusions of law on hearsay or the right to confront witnesses. Therefore, we find that Mother has forfeited her right to raise them for *Page 4 
the first time on appeal, except for claiming that there is plain error. See Juv. R. 40(D)(3).
 {¶ 13} In a civil case, the plain error doctrine is only applicable where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 122-123.
 {¶ 14} Here, we do not find plain error. Specifically, we find that the rules of evidence and the Confrontation Clause contained in theSixth Amendment to the United States Constitution do not apply.
 {¶ 15} The trial court found J.S.J. dependent after an adjudicatory hearing. After the dispositional hearing, the court awarded custody to Mother. The father later filed a motion for custody. The court considered Father's motion along with the State's request to suspend mother's visitation and the mother's motion involving custody. These motions sought to modify the prior dispositional order, or in the mother's case, keep the status quo.
 {¶ 16} When a party files a motion to modify the prior dispositional order, the court is required to "hold a hearing upon the motion as if the hearing were the original dispositional hearing[.]" R.C. 2151.353(E)(2). The rules of evidence do not apply to this type of dispositional hearing. Specifically, Juv. R. 34(B)(2) provides that, except for permanent custody hearings, "the court may admit evidence that is material and relevant, including, but not limited to, hearsay, opinion, and documentary evidence[.]" Further, we have found that the constitutional right to confront witnesses is not applicable to a dependency proceeding in a juvenile court. In re Burchfield (1988), 51 Ohio App.3d 148. *Page 5 
See, also, In re P.L., Lorain App. No. 07CA9242, 2008-Ohio-2248, ¶ 22;In re Yeager/Reardon Children (Feb. 20, 2002), Tuscarawas App. No. 2001AP03 0024, 2002-Ohio-777; In re Hitchcock (June 22, 2000), Cuyahoga App. No. 76432; In re Henderson (Nov. 28, 1997), Lake App. No. 96-L-68.
 {¶ 17} Therefore, for the above stated reasons, we do not find any error, let alone plain error.
 {¶ 18} Accordingly, we overrule mother's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
McFarland, J.: Concurs in Judgment and Opinion. Harsha, J.: Not Participating. *Page 1